UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY MICHAEL HIGBY,

Plaintiff,

v.

PLACER COUNTY, *et al.*,

Defendants.

Case No. 2:25-cv-3273-DAD-JDP (PS)

ORDER

Plaintiff, proceeding pro se, brings this action against the City of Roseville, Placer County, and individual officers from the Roseville Police Department.[1] Placer and the Roseville defendants separately move to dismiss. For the reasons stated below, plaintiff's first amended complaint will be dismissed with leave to amend.

**Background**

On October 15, 2024, officers from the Roseville Police Department responded to a call about a possible domestic disturbance at plaintiff's residence. ECF No. 13 at 5. Plaintiff alleges that a neighbor made the call, but that the neighbor was neither inside plaintiff's home nor a witness to "any threat or fear of life." *Id.* Plaintiff was not at home when the officers arrived, but they spoke with plaintiff's stepson. *Id.* The stepson told officers that he was not in fear for his

[1] Plaintiff has not provided a proof of service for the individual officers, and counsel for Roseville attests that all officers apart from Mason have been served. *See* ECF No. 22-1 at 6.

life, and he did not wish to press charges. *Id.* The officers continued to investigate the situation and, two days later, arrested plaintiff in Citrus Heights, without the assistance of Citrus Heights Police. *Id.* Following his arrest, officers took plaintiff to a hospital where he was medically cleared before being transported to jail. *Id.* at 6. Criminal charges were filed on October 18, 2024, and plaintiff was "subjected to excessive bail and restrictive pretrial conditions, including a $150,000 bail amount and ankle monitoring." *Id.* The charges were dismissed nearly a year later for insufficient evidence. *Id.*

Plaintiff brings this lawsuit alleging that defendants violated his Fourth, Eighth, and Fourteenth Amendments rights. ECF No. 13 at 4. In addition, he alleges that constitutional violations resulted from defendants' "policies, customs, and/or failure to train and supervise." *Id.*

**Procedural History**

Plaintiff filed this action on November 12, 2025, alleging claims against Roseville and Placer. ECF No. 1. Both defendants separately moved to dismiss on February 10, 2026, ECF Nos. 9 & 10. Plaintiff filed a first amended complaint on March 2, 2026. ECF No. 13. Thereafter, both defendants moved to dismiss, ECF Nos. 17 & 22. The motions are fully briefed.[2]

**Legal Standard**

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

[2] Plaintiff filed a motion for additional time to file his opposition to Placer's motion to dismiss, ECF No. 24. That motion is granted, and plaintiff's opposition is deemed timely.

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 664. Those facts must be sufficient to push the claims "across the line from conceivable to plausible." *Id.* at 683. Ultimately, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, a liberal interpretation of a complaint "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**Discussion**

The complaint suffers from numerous deficiencies, each of which will be addressed in turn.

First, plaintiff has failed to allege any wrongdoing by the individual defendant officers. *See Jones v. Cnty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim."). Factual specifics are needed. Indeed, the complaint fails to plainly allege any specific wrongdoing by the individual defendants.

Second, plaintiff has failed to allege violations of his Fourth, Eighth, or Fourteenth

Amendment rights.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. amend. IV. The government bears the burden of demonstrating a warrantless arrest did not violate the Fourth Amendment because the officers had probable cause to effect the arrest. *United States v. Newman*, 265 F.Supp.2d 1100, 1106 (D. Ariz. 2003) (citation omitted). Regardless of the stated reason for an arrest, probable cause exists where there is probable cause to arrest for any criminal offense existing under a specific criminal statute at the time of arrest. *Devenpeck v. Alford*, 543 U.S. 146, 153-55 (2004). An officer with probable cause to believe that even a very minor criminal offense has been committed in his or her presence may arrest the offender without violating the Fourth Amendment. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). However, probable cause must be present based on the "facts and circumstances known to the officers *at the moment of the arrest.*" *Newman*, 265 F. Supp. 2d at 1106 (emphasis in original) (citing *United States v. Delgadillo-Velasquez*, 856 F.2d 1292, 1296 (9th Cir. 1988)).

Plaintiff has not sufficiently alleged that officers lacked probable cause to arrest him. Plaintiff alleges that there was a report of a "verbal family dispute," but that he was not present when officers arrived. He also alleges that his stepson told officers that he was not afraid, and that he did not want to press charges. However, those fragmented allegations do not plausibly establish that probable cause was lacking at the time of plaintiff's arrest.

The Eighth Amendment provides, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. XIII. "[T]he Excessive Bail Clause prevents the imposition of bail conditions that are excessive in light of the valid interests the state seeks to protect by offering bail." *Galen v. County of L.A.*, 477 F.3d 652, 660 (9th Cir. 2007) (citing *United States v. Salerno*, 481 U.S. 739, 754 (1987)).

Plaintiff alleges that he was subjected to excessive bail and pretrial restrictions. Specifically, he alleges that the judge set his bail at $150,000 and placed him on an ankle monitor. ECF No. 13 at 6. Plaintiff alleges that this was significantly harmful because he is a "tree climber" and the ankle monitor impacted his ability to work. *Id.*

The Court of Appeals has held that law enforcement officers can only be liable for alleged excessive bail "if they prevented the [judge] from exercising his independent judgment." *Galen*, 477 F.3d at 663. This is because "a judicial officer's exercise of independent judgment in the course of his official duties is a superseding cause that breaks the chain of causation linking law enforcement personnel to the officer's decision[.]" *Id.* (citations omitted). Thus, a plaintiff must demonstrate that the law enforcement officer "deliberately or recklessly misled the [judge], and that his bail would not have been unconstitutionally excessive but for the officer's misrepresentations." *Id.* at 664 (citation omitted). Plaintiff has not alleged any facts to indicate that any named defendant misled the court to impose excessive bail.

Plaintiff summarily alleges a Fourteenth Amendment due process violation. ECF No. 13 at 4. Under the Due Process Clause of the Fourteenth Amendment, the state cannot "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. A due process claim requires a constitutionally protected liberty or property interest. *Ingraham v. Wright*, 430 U.S. 651, 672 (1977). "Constitutionally protected liberty interests can arise under either state law or the Due Process Clause." *Duffy v. Riveland*, 98 F.3d 447, 456-57 (9th Cir. 1996) (citing *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987). Here, however, it is unclear what incident plaintiff alleges constitutes a violation of his due process rights. Plaintiff's threadbare complaint does not provide enough facts to allege a claim for a Fourteenth Amendment due process violation.

Finally, plaintiff has failed to allege a *Monell* claim. A private citizen may sue under 42 U.S.C. § 1983 for the deprivation of a constitutional right. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v.*

*Atkins*, 487 U.S. 42, 48 (1988). A person deprives another of a constitutional right "'if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A municipality cannot be held liable under section 1983 for the acts of its employees on a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). Rather, vicarious liability attaches to a municipality only when the municipality itself causes the constitutional violation at issue. *See id.* at 694. Relevant here, "to establish liability for governmental entities under *Monell*, a plaintiff must prove '(1) that the plaintiff possessed a constitutional right of which she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation.'" *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (quoting *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)).

Plaintiff has failed to plead a *Monell* claim. Plaintiff has failed to allege the existence of any policy, custom, or practice by defendants which caused his constitutional injuries. In an effort to allege a custom or policy, plaintiff identified "allegations involving similar unconstitutional conduct" submitted by a Jared Buse. ECF No. 13 at 11. He also identifies "a separate government claim submitted to the City of Roseville alleging misconduct by Roseville Police Department personnel." *Id.* But these assertions, without more, do not amount to allegations of the existence of a policy, custom, or practice for purposes of *Monell* liability.

**Conclusion**

Plaintiff will be afforded the opportunity to file an amended complaint. Plaintiff is cautioned that any amended complaint must specifically identify actions by individual defendants who personally and substantially participated in depriving him of his constitutional rights. *Johnson v. Duff*, 588 F.2d 740, 743 (9th Cir. 1978). Each count must include sufficient facts to support that count, and those facts should be alleged under each cause of action. Additionally, plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v.*

*Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Any amended complaint must be complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. An amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997).

Accordingly, it is hereby ORDERED that:

1. Placer's motion to dismiss, ECF No. 17, is GRANTED.
2. The Roseville defendants' motion to dismiss, ECF No. 22, is GRANTED.
3. Plaintiff's motion for additional time to file an opposition, ECF No. 24, is GRANTED and his opposition filed April 8, 2026, is deemed timely.
4. Plaintiff may file an amended complaint within fourteen days. Failure to do so will result in a recommendation that this action be dismissed.
5. The Clerk of Court is directed to send plaintiff a copy of a form complaint with this order.

IT IS SO ORDERED.

Dated: September 8, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE